Edward J. Conquest, Trustee *vs.* Jacob Goldman.

Penobscot County. Decided February 9, 1923. Upon retrial of this case after the decision reported in 121 Maine, 335 the plaintiff recovered a verdict, and the defendant now presents his case upon a bill of exceptions alleging ten erroneous rulings, and a general motion for a new trial. At the argument, however, it was conceded that the bill of exceptions and the motion, in fact embraced but two points, and the case will be so considered.

The action is in trover by a trustee in bankruptcy to recover the value of a stock of goods sold to defendant by the bankrupt in violation of the Bulk Sales Law, R. S., Chap. 114, Sec. 6, within four months before the petition was filed.

1. The plaintiff offered in evidence as admissions of the defendant his examination taken before the referee in bankruptcy. The defendant's counsel objected and "requested that the plaintiff select which parts were material but the court allowed the entire statement

to go in including statements of counsel and questions and answers objected to without ruling at the hearing before the referee."

The exceptions to this ruling are without merit. The examination was admitted only as statements, in the way of admissions, made by the defendant before the referee. The objection was directed particularly to the last question put to Mr. Goldman, and his answer thereto, which defendant claims was not given understandingly, but with a misunderstanding of the meaning of the question. The defendant took the stand, however, and had the opportunity of explaining his answer to the jury; and at the close of the charge the presiding Justice gave an instruction on the point which was satisfactory to counsel for defendant.

2. The plaintiff has declared upon his own possession of the goods on May 4, 1920, and the conversion of them on that day by defendant. The void sale was made January 1, 1920; the petition in bankruptcy was filed April 12, 1920. Therefore, the defendant contends that the evidence does not support the declaration, that the count should have been upon the bankrupt's title and a conversion from him, and that his motion for a directed verdict in his favor should have been sustained.

The answer is obvious; the plaintiff is not enforcing a right of action which belonged to the bankrupt, but a right of action for the benefit of creditors. The sale being void as to creditors, the property passed to the trustee to be by him reclaimed and recovered for the benefit of creditors. U. S. Bank Law, Sec. 47, Sub-section a, and Sec. 67, Sub-section e. This contention is settled adversely to defendant in *Philoon* v. *Babbitt*, 119 Maine, 172. "As between the defendant and trustee the stock belonged to the latter." Motion and exceptions overruled. *Simon J. Levi*, for plaintiff. *Maurice E. Rosen and George E. Thompson*, for defendant.